John J. McCARTHY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civil Action No. 96–02064.

United States District Court, District of Columbia.

Oct. 15, 1996.

John J. McCarthy, Somers, CT, pro se.

John M. Facciola, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, appeared on the briefs, for Defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

Before the Court in the above-captioned case are the defendant's Motion to Dismiss and Motion to File Out of Time Its Motion to Dismiss, both filed September 27, 1996, and the plaintiff's Opposition thereto, filed on October 7, 1996. The plaintiff brings this action to challenge the constitutionality of the Prison Litigation Reform Act of 1995. Upon consideration of the parties' pleadings, the entire record herein, the law applicable

thereto, and for the reasons set forth below, the Court shall grant the defendant's Motion to File Out of Time Its Motion to Dismiss and the defendant's Motion to Dismiss.

## BACKGROUND

The plaintiff, a prisoner currently incarcerated in a federal penitentiary in Somers, Connecticut, filed this action on September 9, 1996. In his Complaint, the plaintiff claims that the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996), violates numerous rights afforded him under the United States Constitution as well as other federal laws. The plaintiff claims that he "represents several Federal and Criminal cases in the District of Connecticut, New York and United States Supreme Court," Complaint ¶ 5, and that the PLRA's impact on these suits as well as on possible future litigation brought by him has resulted and will result in constitutional violations. *Id.* The plaintiff seeks declaratory judgment and compensatory and punitive damages. No other action brought by the plaintiff currently is pending before this Court.

## DISCUSSION

## I. THE COURT SHALL GRANT THE DEFENDANT'S MOTION TO FILE OUT OF TIME ITS MOTION TO DISMISS.

█ The Court directed the defendant to file a Response to the Court's September 10, 1996 Show Cause Order on or before September 19, 1996 and directed the plaintiff to file any and all Oppositions thereto on or before September 27, 1996. Counsel for the defendant alleges in the Motion to File Out of Time that he mistakenly read the Order as requiring a Response on or before September 27, 1996. As a result, the defendant's Response to the Court's Show Cause Order

was filed eight (8) days after the Court's deadline.

The Court finds that the defendant's error was excusable neglect and further finds that the plaintiff would not be prejudiced by granting the defendant an enlargement of time within which to file its Response.[1] Accordingly, the Court shall grant the defendant's Motion to File Out of Time Its Motion to Dismiss and shall find that the Plaintiff's Opposition to the Defendant's Motion to Dismiss was filed in a timely manner.

## II. THE COURT SHALL GRANT THE DEFENDANT'S MOTION TO DISMISS BECAUSE THE PLAINTIFF DOES NOT HAVE STANDING TO BRING THIS SUIT.

█ In order for a case to be justiciable in a federal court, the plaintiff must have standing to sue in that court. To have standing, the plaintiff must allege that the personal injury is "likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Stated another way, the plaintiff must allege that a favorable court decision is likely to remedy the injury. *See* L. Tribe, American Constitutional Law 108 (2d ed.1988).

█ The plaintiff has no standing in this case because this Court is without power to redress the injuries alleged. The plaintiff calls upon this Court to rule upon the constitutionality of an act of Congress as applied to the plaintiff's litigation before other federal courts and as it might apply to future litigation. The plaintiff, however, has not shown how a ruling by this Court that the PLRA is unconstitutional will have any binding effect on the courts adjudicating the cases in which the alleged injuries have occurred.[2]

█ As one distinguished scholar has noted, "if a federal court decision will have

---

1. The Court notes that the plaintiff submitted his Opposition to the defendant's Response ten (10) days after the deadline imposed upon him. Thus, the Court effectively has granted the plaintiff a ten (10) day extension, which is longer than the extension sought by the defendant.

2. To the extent that the plaintiff alleges future injuries from the application of the allegedly unconstitutional PLRA to future litigation brought by him, his claims are not ripe since those injuries have not yet occurred, and, thus, are speculative. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).

little effect, if it will not redress the injuries, then it is an advisory opinion," which exceeds the authority conferred upon federal courts pursuant to Article III of the Constitution. *See* Chemerinksy, Federal Jurisdiction § 2.3 at 66 (1989). "It is because the prohibition on advisory opinions is at the core of Article III that the other justiciability doctrines [such as standing] exist largely to ensure that the federal courts will not issue advisory opinions." *Id.* § 2.3 at 48.

█ The power of federal courts to adjudicate suits "is not an unconditioned authority to determine the constitutionality of legislative or executive acts." *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). Article III "does not extend the judicial power to every violation of the Constitution which may possibly take place, but to a 'case in law or equity' in which a right under such law is asserted in a court of justice." *Muskrat v. United States,* 219 U.S. 346, 358–59, 31 S.Ct. 250, 254, 55 L.Ed. 246 (1911). The rights allegedly infringed upon by the PLRA in this case, namely the numerous rights exercised when a prisoner brings an action in a court of law, have been exercised in other actions and possibly will be exercised in future actions. Those cases are before other courts, however, and the effects of the PLRA upon rights exercised in such cases should be examined by those courts. This Court is not the appropriate forum to address such alleged harms.

█ The plaintiff claims that at least one of the constitutional violations of which he complains has occurred in this litigation. Specifically, the plaintiff was required to pay the initial filing fee in this case based on the changes in filing requirements brought about by the PLRA. Thus, according to the plaintiff, he has justiciable claim before this Court, which can be redressed by this Court. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss at 4. To adopt this circular argument, however, would be to condone a process of boot-strapping that essentially would create a justiciable claim anytime a plaintiff sought a ruling on the constitutionality of federal court procedural law because,

by doing so, the plaintiff has set in motion the procedural wheels of the court. This would be true regardless of whether the Court properly could hear the case otherwise. The Court is not comfortable with adopting such a rule.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiff's case is nonjusticiable, and, accordingly, the Court shall grant the defendant's Motion to Dismiss. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## *ORDER*

For the reasons set forth in the Court's Memorandum Opinion of even date herewith, it is, by the Court, this 15th day of October, 1996,

ORDERED that the defendant's Motion to File Out of Time Its Motion to Dismiss shall be, and hereby is, GRANTED; and, it is

FURTHER ORDERED that the Court shall, and hereby does, find that the plaintiff's Opposition to the defendant's Motion to Dismiss shall be filed and considered by the Court even though it too was untimely; and, it is

FURTHER ORDERED that the defendant's Motion to Dismiss shall be, and hereby is, GRANTED; and, it is

FURTHER ORDERED that the above-captioned matter shall be, and hereby is, DISMISSED from the dockets of this Court.